UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTIAN HUBBARD, <br><br> Plaintiff, <br><br> v. <br><br> MACKENZIE MALLOTT and JAMES WATSON, <br><br> Defendants. | CAUSE NO. 3:24-CV-690-JD-AZ |

OPINION AND ORDER

Christian Hubbard, a prisoner without a lawyer, filed a complaint about a strip search that occurred at Miami Correctional Facility. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hubbard alleges that on June 24, 2024, Sergeant James Watson and Sergeant MacKenzie Mallott came to his unit, LHU 3/4 side, and strip searched him. Hubbard asserts the search was unconstitutional because it was done in an unreasonable manner and was intended to harass and degrade him. He details that Sergeant Watson ordered

him to strip naked in the entrance of his cell. Then, as part of the search, Hubbard was ordered to "open my mouth, lift my tongue, run my fingers behind my ears, and lift my genitals and balls." ECF at 2. After this, Sergeant Watson ordered him to "turn around 'fag,' squat, spread your ass cheek and cough." ECF 2 at 2.

Hubbard reports that during the strip search, Sergeant Watson and Sergeant Mallott repeatedly stated, "You guys want to act like animals, we will treat you like animals." ECF 2 at 2. Hubbard asserts that this implies there was no legitimate penological justification for the strip search. He claims there was no current riot or other disturbance on his unit to justify the search. Rather, inmates on other units were acting up, and the officers strip searched him as punishment for the other inmates' behavior.

The Seventh Circuit has held that convicted prisoners "maintain a privacy interest, although diminished, in their bodies" under both the Fourth and Eighth Amendments. *Henry v. Hulett*, 969 F.3d 769, 779 (7th Cir. 2020). "Importantly, the Fourth and Eighth Amendments have different roles to play with respect to bodily searches and protect different categories of constitutional rights." *Id*. at 781.

The Fourth Amendment recognizes the interplay between the inmate's privacy interest and institutional concerns, and "thus protects prisoners from searches that may be related to or serve some institutional objective, but where guards nevertheless perform the searches in an unreasonable manner, in an unreasonable place, or for an unreasonable purpose." *Id*. at 781. When reviewing these types of claims, courts must evaluate the reasonableness of the search and afford prison administrators wide-ranging deference on matters of policy as it relates to the need to "preserve internal

2

order and discipline and to maintain institutional security." *Id*. at 783 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). "[I]n the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id*. In general, courts must consider whether the searches were unreasonable in light of: (1) the scope of the intrusion, (2) the manner in which it was performed, (3) the justification for it, and (4) the place where it occurred. *Id*. at 784 (quoting *Bell*, 414 U.S. at 559). Hubbard may proceed against Sergeant Watson and Sergeant Mallott under the Fourth Amendment for conducting the strip search in an allegedly unreasonable manner.

The Eighth Amendment "safeguards prisoners against the use of searches that correctional officers subjectively intend as a form of punishment" and thus has a heightened subjective intent requirement as compared to a Fourth Amendment claim. *Henry*, 969 F.3d at 780-81. "[T]o state an Eighth Amendment claim [plaintiff] must show that the strip search in question was not merely a legitimate search . . ., but instead a search conducted in a harassing manner intended to humiliate and inflict psychological pain." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). Hubbard may proceed against Sergeant Watson and Sergeant Mallott on an Eighth Amendment claim for conducting an allegedly harassing strip search for purposes of punishment.

For these reasons, the court:

(1) GRANTS Christian Hubbard leave to proceed against Sergeant James Watson and Sergeant MacKenzie Mallott in their individual capacities for compensatory and

punitive damages for conducting strip search in an allegedly unreasonable manner on or around June 24, 2024, in violation of the Fourth Amendment;

(2) GRANTS Christian Hubbard leave to proceed against Sergeant James Watson and Sergeant MacKenzie Mallott in their individual capacities for compensatory and punitive damages for conducting a strip search for purposes of punishment on or around June 24, 2024, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant James Watson and Sergeant MacKenzie Mallott at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sergeant James Watson and Sergeant MacKenzie Mallott to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 20, 2024

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT

4